IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **SHANTRELL TUCKER** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 15 C 3712 |
| | ) |
| **KIMBERLY BUTLER, Warden,** | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Shantrell Tucker's (Tucker) *pro se* petition for writ of habeas corpus (Petition) brought pursuant to 28 U.S.C. § 2254. For the reasons stated below, the Petition is denied.

## BACKGROUND

In 2008, Tucker was convicted by a jury in Illinois state court of first degree murder, for firing a gun into an occupied vehicle, and was sentenced to life imprisonment. Tucker filed an appeal, and in September 2011, his conviction was affirmed. Tucker filed a petition for leave to appeal (PLA) with the Illinois Supreme Court, which was denied. In July 2012, Tucker then filed a post-conviction petition and in November 2012, the state trial court dismissed the petition. The dismissal

was affirmed on appeal in November 2014, and the subsequent PLA was denied. On April 27, 2015, Tucker filed the instant Petition.

## LEGAL STANDARD

An individual in custody pursuant to a state court judgment may seek a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which provides the following:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The decision made by a state court is deemed to be contrary to clearly established federal law "'if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Emerson v. Shaw*, 575 F.3d 680, 684 (7th Cir. 2009)(quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)). The decision by a state court is deemed to involve an unreasonable application of clearly established federal law "'if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case.'" *Emerson*, 575 F.3d at 684 (quoting *Bell*, 535 U.S. at 694).

**DISCUSSION**

This court has liberally construed Tucker's *pro se* filings. *See Perruquet v. Briley*, 390 F.3d 505, 512 (7th Cir. 2004)(stating that "[a]s [the plaintiff] was without counsel in the district court, his habeas petition [wa]s entitled to a liberal construction"); *Greer v. Board of Educ. of City of Chicago*, *Ill.*, 267 F.3d 723, 727 (7th Cir. 2001)(indicating that a court should "liberally construe the pleadings of individuals who proceed *pro se*"). Tucker asserts in the Petition: (1) that there was insufficient evidence to prove him guilty beyond a reasonable doubt (Claim 1), (2) that the Illinois Speedy Trial statute, 725 ILCS 5/103-5 *et seq.*, was violated (Claim 2), that he received ineffective assistance of counsel at trial (Claim 3), that he received ineffective assistance of counsel on appeal (Claim 4), and that his constitutional rights were violated when the prosecutor allegedly presented perjured testimony (Claim 5).

I. Procedurally Defaulted Claims

Respondent argues that Claims 3, 4, and 5 are procedurally defaulted and that there is no justification to excuse the default.

A. Procedural Default

Respondent contends that Tucker failed to raise Claims 3, 4, and 5 through one complete round of the state court appellate review process. A district court "cannot review a habeas petitioner's constitutional issue unless he has provided the

state courts with an opportunity to resolve it 'by invoking one complete round of the state's established appellate review process.'" *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010)(quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). If a habeas petitioner failed to "properly assert[] his federal claim at each level of state court review," the petitioner is deemed to have "procedurally defaulted that claim." *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008)(quoting *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004)); *see also Johnson v. Hulett*, 574 F.3d 428, 431 (7th Cir. 2009)(stating that "[t]o obtain federal habeas review, a state prisoner must first submit his claims through one full round of state-court review," and that "[t]he penalty for failing to fully and fairly present [] arguments to the state court is procedural default"). A petitioner, in exhausting his state court remedies, has "'the duty to fairly present his federal claims to the state courts.'" *Malone*, 538 F.3d at 753 (stating that fair presentment includes "'the petitioner . . . assert[ing] his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings'")(quoting *Lewis*, 390 F.3d at 1025).

    1. Claim 3

As indicated above, Tucker asserts in Claim 3 that he received ineffective assistance of counsel at trial. The record does not reflect that Tucker asserted Claim 3 in his direct appeal. (Resp. Ex. A); (Resp. Ex. D). Nor did Tucker present Claim 3 in his PLA relating to his post-conviction petition. (Resp. Ex. H). Thus, Claim 3 is procedurally defaulted. The court also notes that even if Claim 3 was not

4

procedurally defaulted, the claim lacks any merit. The decisions at issue made by Tucker's trial counsel involved strategic issues and Tucker has not shown that his counsel acted outside the scope of effective assistance of counsel. *See Wyatt v. United States*, 574 F.3d 455, 457-58 (7th Cir. 2009)(explaining elements to show ineffective assistance of counsel); *see also Valenzuela v. United States*, 261 F.3d 694, 699-700 (7th Cir. 2001)(stating in a case where the petitioner contended that his counsel should have called an expert chemist to testify about the drugs at issue that "[a] lawyer's decision to call or not to call a witness is a strategic decision generally not subject to review"); *Stallings v. United States*, 536 F.3d 624, 627 (7th Cir. 2008)(stating that a court reviewing a Section 2255 motion "shall not second-guess strategic decisions that were arguably appropriate at the time but that hindsight has revealed to be unwise"). Nor has Tucker shown prejudice.

    2. Claim 4

As indicated above, Tucker asserts in Claim 4 that he received ineffective assistance of counsel on appeal (Claim 4). The record does not reflect that Tucker asserted Claim 4 in his direct appeal. (Resp. Ex. A); (Resp. Ex. D). In regard to Tucker's post-conviction petition, there is no indication in the record that Tucker raised such claim in his appeal. (Resp. Ex. H); (Resp. Ex. H). Thus, Claim 4 is procedurally defaulted. The court also notes that even if Claim 4 was not procedurally defaulted, the claim lacks any merit.

### 3. Claim 5

As indicated above, Tucker asserts in Claim 5 that his constitutional rights were violated when the prosecutor allegedly presented perjured testimony. The record does not reflect that Tucker asserted Claim 5 in his direct appeal. (Resp. Ex. A); (Resp. Ex. D). In regard to Tucker's post-conviction petition, there is no indication in the record that Tucker raised such claim in his appeal. (Resp. Ex. H); (Resp. Ex. H). Thus, Claim 5 is procedurally defaulted. The court also notes that even if Claim 5 was not procedurally defaulted, the claim lacks any merit.

### B. Justification to Excuse Default

Respondent also argues that there are no facts in this case that provide a justification to excuse the default of Claims 3, 4, and 5. A procedurally defaulted claim can still be considered by a district court "if a petitioner can show cause and prejudice or a fundamental miscarriage of justice." *Coleman v. Hardy*, 628 F.3d 314, 318 (7th Cir. 2010); *see also Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010)(stating that "[a] federal court on collateral review will not entertain a procedurally defaulted constitutional claim unless the petitioner can establish cause and prejudice for the default or that the failure to consider the claim would result in a fundamental miscarriage of justice"); *Holmes v. Hardy*, 608 F.3d 963, 968 (7th Cir. 2010)(stating that a "way to avoid procedural default is to show actual innocence, that is, to show that in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable

doubt")(internal quotations omitted)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010)(stating that "default could be excused if [the petitioner] can establish cause and prejudice, or establish that the failure to consider the defaulted claim will result in a fundamental miscarriage of justice"). In the instant action, Tucker has not provided facts showing that he was prevented from properly presenting Claims 3, 4, or 5 in the state system in order to avoid the procedural default. Tucker has not shown cause and prejudice. Nor has Tucker shown actual innocence or a fundamental miscarriage of justice that would excuse the procedural default.

## II. Claim 1

Respondent argues that Claim 1 lacks any merit. As indicated above, Tucker argues in Claim 1 that there was insufficient evidence to prove him guilty beyond a reasonable doubt. A petitioner convicted in state court by a jury is only entitled to habeas relief based upon a sufficiency of evidence argument if "viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Moore v. Casperson*, 345 F.3d 474, 488 (7th Cir. 2003)(internal quotations omitted)(quoting *Jackson v. Virginia*, 443 U.S. 307 (1979)); *see also Kines v. Godinez*, 7 F.3d 674, 678 (7th Cir. 1993)(stating that "the proper standard for determining sufficiency of the evidence on habeas review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof of

guilt beyond a reasonable doubt"). In the instant action, the record reflects that there was ample evidence upon which to convict Tucker at trial. Therefore, Claim 1 lacks any merit. In addition, the record shows that the Illinois Appellate Court considered the sufficiency argument and reasonably adjudicated the sufficiency of evidence claim during the direct appeal.

III. Claim 2

Respondent argues that Claim 2 is not a cognizable claim. As indicated above, Tucker indicates in Claim 2 that there was a violation of the Illinois Speedy Trial statute when the trial court granted the prosecution's request to extend the time for trial. A state prisoner may obtain habeas relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984)(stating that "[a] federal court may not issue the writ on the basis of a perceived error of state law"); *See also Corcoran v. Wilson*, 651 F.3d 611, 613 (7th Cir. 2011)(quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) for the proposition that "[i]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). The state court's determinations as to the Illinois Speedy Trial statute is not a cognizable claim for habeas relief. Therefore, Claim 2 is improper. In addition, the record does not reflect any violation of Tucker's federal right to a speedy trial. Based on the above, the Petition is denied.

III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." *Id.* A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In the instant action, Tucker has not made a substantial showing of the denial of a constitutional right as to any claims presented in his Petition. Nor has Tucker shown that reasonable jurists could debate whether the Petition should have been resolved in a different manner or that the issues presented in the Petition deserve encouragement to proceed further. Therefore, should Tucker decide to appeal this court's ruling, this court finds that a certificate of appealability would not be warranted, and is denied.

## CONCLUSION

Based on the foregoing analysis, the Petition is denied, and should Tucker decide to appeal this court's ruling, this court finds that a certificate of appealability would not be warranted, and is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: December 09, 2015